**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WALTER BLAIR and )
JOHN GRAY, )
                      )
        Plaintiffs, )
                      )
        v. )
                      )
SUPPORTKIDS, INC., doing )
business as CHILD SUPPORT )
ENFORCEMENT; and RICHARD )
"CASEY" HOFFMAN, )
                      )
        Defendants. )

02C 0632

JUDGE CASTILLO
MAGISTRATE JUDGE ASHMAN

**DOCKETED**
JAN 2 8 2002

## COMPLAINT -- CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

    1.     Plaintiffs Walter Blair and John Gray bring this action against defendant

Supportkids, Inc., doing business as Child Support Enforcement ("CSE"), and Richard "Casey"

Hoffman ("Hoffman") to secure redress for abusive collection practices.

### JURISDICTION AND VENUE

    2.     This Court has jurisdiction under 28 U.S.C. 1332 (diversity). Plaintiff

Walter Blair is a citizen and domiciliary of Illinois. Plaintiff John Gray is a citizen and

domiciliary of California. Defendants are citizens and domiciliaries of Texas. The amount in

controversy as to plaintiff Blair exceeds $85,376.56. The amount in controversy as to plaintiff

Gray exceeds $375,014.46. Therefore, each plaintiff satisfies the necessary amount in

1

controversy. The total amount in controversy exceeds **$460,391.02**.

3.      This Court has personal jurisdiction over CSE and Hoffman under the Illinois long-arm statute because:

a.      CSE regularly undertakes to enforce judgments issued by Illinois courts;

b.      CSE solicits business from Illinois residents by means of a Web site (Exhibit A)[1], through the dissemination of articles, including at least one of which was written by Hoffman, into Illinois (Exhibit B), and otherwise;

c.      CSE's Web site contains advice regarding Illinois law relating to child support enforcement (Exhibit C);

d.      CSE regularly enters into contracts with putative obligees of child support obligations residing in Illinois, in the performance of which contracts CSE committed the unlawful acts complained of;

e.      CSE transmitted simulated legal documents into Illinois under circumstances constituting fraud, interference with contract, and the unauthorized practice of law; and

4.      Hoffman authorized CSE to attempt to enforce judgments issued by Illinois courts.

## **PARTIES**

5.      Plaintiff Walter Blair is a resident and domiciliary of Illinois.

6.      Plaintiff John Gray is a resident and domiciliary of California.

---

[1] *http://www.supportkids.com* (Nov. 5, 2001) (*see* Exhibit A).

2

7.      Defendant CSE is a Texas corporation with its principal place of business at 2550 S. Interstate Highway 35, Austin, TX 78704. Its registered agent and office are Kathleen Kerr, 4120 Freidrich Lane, Suite 175, Austin, TX 78744. Defendant CSE transacts business in Illinois.

8.      Defendant Hoffman is the chief executive officer of CSE. He is a citizen and domiciliary of Texas and may be found at 2550 S. Interstate Highway 35, Austin, TX 78704.

### FACTS RELATING TO CSE'S BUSINESS

9.      Defendants engage in the practice of identifying purported child support orders and contacting and purporting to represent the obligees under such orders by pursuing collection of the purported orders.

10.     Defendant CSE  enters into a contingent fee contracts with the obligees and undertakes to "enforce" the purported obligations. CSE generally receives one third (1/3) or more of the amounts collected.

11.     Defendant CSE claims to be the largest private child support collection agency in the United States, and to have collected more than $80 million throughout the United States, including  Illinois. (Exhibits A and D)

### FACTS RELATING TO PLAINTIFF BLAIR

12.     In May 2001, defendants caused to be transmitted to plaintiff Blair's employer in Illinois a document entitled "Order / Notice to Withhold Income for Child Support" ("Simulated Order / Notice") (Exhibit E)  The document purported to emanate from the Illinois Department of Public Aid, Division of Child Support. According to the Simulated Order / Notice, plaintiff Blair owed $85,376.56 in child support arrears under a March 1993 divorce

3

decree.

13.     Exhibit E is a form document regularly used by CSE.

14.     In fact, plaintiff Blair was not obligated to pay $85.376.56.  His support

obligation was terminated on December 9, 1998.

15.     The Illinois Department of Public Aid, Division of Child Support

Enforcement did not authorize and had no knowledge of the Simulated Order / Notice.  (Exhibit

E)  This fact is evidenced by Exhibit F, which is a letter from the state office stating:  "Our

records indicate that there is no support order to be enforced.  This order is from the state of

Texas.  There is no indication that we asked that state to enforce any order."[2]  (Exhibit F)

16.     Defendants had no legal right to send the Simulated Order / Notice.

17.     Defendants had no right to pose as the Illinois Department of Public Aid,

Division of Child Support Enforcement.

18.     Defendants had no right to call their communication an "order."  The

Simulated Order / Notice was, in fact, nothing more than an unfiled legal pleading and, more

generally, a fraudulent tactic to collect an alleged debt.

19.     Plaintiff was required, as a result of defendants' actions, to pay to retain

legal counsel and file a motion to quash[3] the Simulated Order / Notice.

20.     Prior to the entry of the order quashing the Simulated Order / Notice,

plaintiff Blair's employer deducted $358 from his pay and sent it to CSE.

_____

[2]  Exhibit F is from the Illinois Department of Public Aid, Division of Child Support
Enforcement.

[3]  The motion to quash was granted. (The Motion to Quash is attached as Exhibit G.)

4

21.    Defendant Hoffman authorized CSE to collect Illinois support judgments in the fraudulent manner described above, through use of documents such as Exhibit E.

## FACTS RELATING TO PLAINTIFF GRAY

22.    On June 30, 1971, plaintiff John Gray was divorced from Renee Gray. Both spouses then lived in Illinois and a divorce decree was entered by the Circuit Court of Cook County, Illinois (hereinafter, "1971 Divorce Decree"). (Exhibit H)

23.    The 1971 Divorce Decree provided that plaintiff Gray would pay $60 per week to Renee Gray for the support of three minor children.

24.    Shortly thereafter, John Gray and Renee Gray informally modified the support arrangements without obtaining a formal modification of the 1971 Divorce Decree. John Gray obtained custody of two of the three minor children[4] and paid completely for the upbringing of those two children, spending more than $60/ week to support them.

25.    The 20-year statute of limitations ran on 1971 Divorce Decree in 1991. 735 ILCS 5/13-218.

26.    The 1971 Divorce Decree was never revived by Renee Gray or by John Gray.

27.    The three children referenced in the 1971 Divorce Decree are presently 34, 32 and 30 years old.

28.    Renee Gray did nothing to attempt to collect any alleged child support arrearage based on the 1971 Divorce Decree until the year 2000, obviously recognizing that John

---

[4] Plaintiff Gray was initially told by Renee Gray that he was the father of the third child. Later, however, Renee Gray told plaintiff Gray that he was not the father of the third child, which is why he did not ultimately raise that child.

5

Gray had in fact met or exceeded his support obligations because he had taken full responsibility for the upbringing of two of the three children.

29.     On information and belief, sometime during the year 2000, defendant CSE located the 1971 Divorce Decree on a public records database and contacted Renee Gray in order to represent her interests with respect to the child support obligations set forth in the then-expired 1971 Divorce Decree.

30.     On information and belief, CSE entered into a one-third (1/3) contingent fee contract with Renee Gray to "enforce" the 1971 Divorce Decree on her behalf.

31.     In October 2000, plaintiff Gray was employed in California by GTE.

32.     The GTE human resources office responsible for plaintiff Gray was located in Illinois.

33.     On or about October 17, 2000, CSE transmitted the following documents to GTE, in Illinois:

        a.     A document entitled "Order / Notice to Withhold Income for Child Support." ("Simulated Order / Notice") (Exhibit I)

        b.     A document entitled "Computation of Child Support Arrears," (Exhibit J), purporting to show that plaintiff Gray owed $375,014.46 to Renee Gray. This document asserts incorrectly that no payments were ever made under the 1971 order.

        c.     A one-page fax directing plaintiff Gray's employer to "please begin wage withholding from Mr. Gray's checks for his past due child support." (Exhibit K)

6

34.     Exhibit I, like Exhibit E above, is a form document regularly used by CSE.  Exhibits J-K are also form documents regularly used by CSE.

35.     Defendant Hoffman authorized defendant CSE to attempt to collect Illinois child support judgments, such as the 1971 Divorce Decree (Exhibit H).

36.     Defendants also placed liens on plaintiff Gray's home and have tied up his savings-investment plan.  (See Exhibit L)  Plaintiff's employer, GTE, is still under the impression that the documents drafted and sent by defendants to GTE, as described in ¶ 41 above, constituted and/or were based on a valid court order, which they were not.  (See letter from GTE to defendants, Exhibit L)

37.     GTE received Exhibits I-K and treated them as legally valid, apparently believing that the defendant's communication originated from a state agency.  GTE's belief is evidenced by Exhibit M, a memo from GTE's Payroll Service Center to Plaintiff Gray in which GTE refers to the document sent by defendants to GTE as "a new court order received by the payrol [sic] department" and informing Mr. Gray that, pursuant to what GTE believed was a court order, "changes to your paycheck will be made according to the order."

38.     As a result of the transmission of these documents into Illinois, GTE in fact withheld money from plaintiff Gray's wages, in the amount of $250.

39.     Plaintiff spent additional sums on legal fees necessary to rectify the situation and prevent further withholding of wages by GTE pursuant to the documents received from CSE.

40.     Defendants' actions ignited a dispute between plaintiff Gray and his ex-

7

wife, which dispute was only recently resolved.[5] But for defendants actions, Renee Gray would not have attempted to collect the alleged arrearage from the expired 1971 Divorce Decree, which decree did not reflect the informal modifications that took place shortly thereafter involving plaintiff Gray's raising of two of the three children.

## PRACTICES COMPLAINED OF

41.     Defendants had no right to send to the employer of either plaintiff the Simulated Orders / Notices and related communications. (Exhibits E, I, J, K, L and M)  The documents simulated court orders issued by or under the authority of the Circuit Court of Cook County, Illinois, but had no legal effect.

42.     The Illinois Income Withholding for Support Act, 750 ILCS 28/1 et seq., provides that where a delinquency in support payments accrues, the obligee or the appropriate public official may file and serve a notice of withholding.

43.     However, there must be a valid, unexpired judgment, which did not exist in either plaintiff's case.

44.     Furthermore, the  Simulated Orders / Notices (Exhibits E and I) are legal pleadings that must be filed in an underlying court case. 750 ILCS 28/20, 28/25.  Nothing was filed with respect to either plaintiff, which deprived plaintiffs of a forum in which to contest the notices.

45.     Furthermore, as a legal pleading, the notices must be filed by either (a) the

---

[5]  Although plaintiff Gray disputes that he owes child support to his ex-wife, in order to put to buy peace, plaintiff Gray recently entered into an agreement with his ex-wife to pay her $20,000 under a payment plan of $125 per month.  This agreement was formalized by agreed Order in the Circuit Court of Cook County on October 19, 2001. (Exhibit N)

appropriate public agency, generally the Department of Public Aid or a State's Attorney, (b) the

obligee in propria persona or (c) an attorney licensed to practice in the state of Illinois. CSE is

neither a public agency, the obligee, nor authorized to practice law in the state of Illinois.

46.     Defendants had no right to have plaintiffs' employers withhold wages

from either plaintiff.

47.     Defendants had no right to place or have placed any liens on plaintiff

Gray's property.

48.     Defendants knew that Exhibits E, I, J, K, L and M were not valid and that

they had no right to direct plaintiffs' employers to withhold anything.

49.     Defendants intentionally obtained plaintiffs' money from plaintiffs'

employers using false pretenses.

50.     Defendants have engaged in a pattern and practice of issuing bogus court

orders in the form represented by Exhibits E and I.

51.     Defendants' actions were malicious and intentionally fraudulent,

warranting substantial punitive damages.

## COUNT I -- DECLARATORY JUDGMENT

52.     Plaintiffs incorporate ¶¶ 1-51. This claim is against CSE.

53.     There is a controversy between the parties as to whether CSE is entitled to

collect money from plaintiffs. CSE has claimed that it is entitled to collect a total of $460,391.02

from plaintiffs. Plaintiffs deny that CSE is entitled to collect anything from them.

WHEREFORE, the Court should enter a declaration that CSE is not entitled to

collect **$460,391.02** or any other sum from plaintiffs, and award costs.

9

## COUNT II -- FRAUD -- CLASS CLAIM

54.     Plaintiffs incorporate ¶¶ 1-51.  This claim is against CSE.

55.     CSE obtained $358 of plaintiff Blair's wages by sending to Mr. Blair's employer (in Illinois) the document attached as Exhibit E.

56.     CSE obtained $250 of plaintiff Gray's wages by sending to Mr. Gray's employer (in Illinois) the documents attached as Exhibits I, J, K, L and M.

57.     CSE placed fraudulent liens on various items of plaintiff Gray's property, thereby binding his right to access his property.  The liens are in effect as of the filing of this complaint.

58.     Plaintiffs' employers believed that the documents sent to them by CSE were proper and lawful and relied on them in withholding the money from plaintiffs' wages, and in tying up plaintiff Gray's savings-investment account.

59.     CSE intended to induce such reliance by plaintiffs' employers.

60.     CSE knew that its documents were bogus and that it had no right to send such documents to plaintiffs' employers.

61.     CSE acted for the purpose of obtaining plaintiffs' money under false pretenses.

## CLASS ALLEGATIONS

62.     This claim is brought on behalf of a class.  The class consists of all putative Illinois obligors with respect to whom CSE has issued a purported notice of withholding.

63.     The class is so numerous that joinder of all members is impracticable.

64.     There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members.  These questions include:

a.     Whether the notices of withholding that CSE issues are a fraudulent simulation of legal process;

b.     Whether CSE intended to induce reliance by employees with its "Order/Notice" communications;

c.     Whether CSE is engaging in the unauthorized practice of law by issuing such documents;

d.     Whether CSE is tortiously interfering with the employment of the class members by issuing such documents.

65.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

66.     Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of class actions and collection abuse claims.

67.     A class action is superior for the fair and efficient adjudication of this matter, in that:

68.     CSE has inflicted similar injuries to a large number of persons through a single course of conduct;

69.     Individual actions are not economical.

WHEREFORE, the Court should grant plaintiffs the following relief against

11

defendant CSE:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  Costs of suit; and

    d.  Such other or further relief as the Court may deem appropriate.

## COUNT III -- DEFAMATION

70.  Plaintiffs incorporate ¶¶ 1-51. This claim is against CSE.

71.  The document which CSE sent to plaintiff Blair's employer (Exhibit E) represents that plaintiff Blair is a child support deadbeat who owes more than $85,000.

72.  CSE's representation was false.

73.  As a result of sending Exhibit E to plaintiff Blair's employer, plaintiff Blair suffered pecuniary loss, including the $416.00[6] of his wages that was withheld by his employer as a result of the employer receiving Exhibit E.

74.  The documents which CSE sent to plaintiff Gray's employer, Exhibits I, J, K, L and M represent that plaintiff is a child support deadbeat who owes more than $300,000.

75.  In fact, plaintiff Gray supported his children, and owed no child support. Although plaintiff and his former wife had not secured court approval for their alternative arrangements, the former wife had permitted the 1971 Divorce Decree to expire without making any effort to enforce it.

---

[6] Mr. Blair's employer withheld $358.00 on two occasions from his paycheck, as well as an additional $60 to be applied to the alleged arrearage, for a total withholding of $776.00 as a result of Exhibit E. Mr. Blair's employer later returned $358.00 to him, making the total pecuniary loss $416.00.

76.     As a result of sending  Exhibits I, J, K, L and M to plaintiff Gray's employer, plaintiff Gray suffered pecuniary loss, including the $250 of plaintiff's wages, as well as legal fees.  The communications with plaintiff Gray's employer have also negatively impacted plaintiff Gray's personal property, including tying up his savings-investment account.  (See Exhibit L)

WHEREFORE, the Court should grant plaintiffs the following relief against defendant CSE:

        a.        Compensatory damages;

        b.        Punitive damages;

        c.        Costs of suit; and

        d.        Such other or further relief as the Court may deem appropriate.

## COUNT IV -- TORTIOUS INTERFERENCE WITH CONTRACT -- CLASS CLAIM

77.     Plaintiffs incorporate ¶¶ 1-51.  This claim is against both defendants.

78.     Defendants tortiously interfered with the contractual relationship between plaintiffs and their employers by sending plaintiffs' employers Exhibits E and I.

79.     As a result of sending Exhibit E to plaintiff Blair's employer, plaintiff suffered pecuniary loss, including the loss of plaintiff's wages and the legal fees expended by plaintiff.

80.     CSE tortiously interfered with the contractual relationship between plaintiff Gray and his employer by sending plaintiff's employer Exhibit I.

81.     As a result of sending Exhibit I to plaintiff Gray's employer, plaintiff suffered pecuniary loss, including $250 of plaintiff's wages and the legal fees expended by

13

plaintiff, as well as liens on plaintiff's property and savings-investment plan.

## CLASS ALLEGATIONS

82.    This claim is brought on behalf of a class.  The class consists of all putative Illinois obligors with respect to whom CSE has issued a purported "order / notice of withholding" such as Exhibits E and I.

83.    The class is so numerous that joinder of all members is impracticable.

84.    There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members.  These questions include:

a.    Whether the notice of withholding that CSE has issued are a fraudulent simulation of legal process;

b.    Whether CSE is engaging in the unauthorized practice of law by issuing such documents;

c.    Whether CSE is tortiously interfering with the employment of the class members by issuing such documents.

85.    Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

86.    Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of class actions and collection abuse claims.

87.    A class action is superior for the fair and efficient adjudication of this matter, in that:

14

a. CSE has inflicted similar injuries to a large number of persons through a single course of conduct;

b. Individual actions are not economical.

WHEREFORE, the Court should grant plaintiff and class members the following relief against defendant CSE:

a. Compensatory damages;

b. Punitive damages;

c. Costs of suit;

d. An injunction restraining further efforts by CSE to collect purported child support from plaintiffs; and

e. Such other or further relief as the Court may deem appropriate.

## COUNT V -- UNLICENCED PRACTICE OF LAW – CLASS CLAIM

88. Plaintiffs incorporate ¶¶ 1-51. This claim is against both defendants.

89. Defendants engaged in the unauthorized practice of law by sending Exhibits E and I to plaintiffs' employers and purporting to represent the legal interests of plaintiffs' ex-wives.

90. As a result of sending Exhibits E and I to plaintiffs' employers, plaintiffs suffered pecuniary loss, including the loss of wages, expenditure of time, expenditure of legal fees, and other damages.

## CLASS ALLEGATIONS

91. This claim is brought on behalf of a class. The class consists of all putative Illinois obligors with respect to whom CSE issued a purported "order / notice of

15

withholding" such as <u>Exhibits E and I</u>.

92.     The class is so numerous that joinder of all members is impracticable.

93.     There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members. These questions include:

a.     Whether the notice of withholding that CSE has issued are a fraudulent simulation of legal process;

b.     Whether CSE is engaging in the unauthorized practice of law by issuing such documents;

c.     Whether CSE is tortiously interfering with the employment of the class members by issuing such documents.

94.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

95.     Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of class actions and collection abuse claims.

96.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     CSE has inflicted similar injuries to a large number of persons through a single course of conduct;

b.     Individual actions are not economical.

WHEREFORE, the Court should grant plaintiffs and class members the following

relief against defendants

   a.  Compensatory damages;

   b.  Punitive damages;

   c.  Costs of suit;

   d.  An injunction restraining further efforts by CSE to collect

purported child support from plaintiffs; and

   e.  Such other or further relief as the Court may deem appropriate

## COUNT VI -- ILLINOIS COLLECTION AGENCY ACT – CLASS CLAIM

97. Plaintiffs incorporate ¶¶ 1-51. This claim is against both defendants.

98. CSE is a collection agency as defined in the Illinois Collection Agency

Act, 225 ILCS 425/2.02 ("ICAA"), which provides:

> **Sec. 2.02. "Collection agency" or "agency" means any person, association, partnership, or corporation who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt.**

99. Child support indebtedness is covered by the ICAA, as evidenced by 225

ILCS 425/2.04.

100. The ICAA, at 225 ILCS 425/9(a), declares that the following conduct by a

collection agency is unlawful:

> **. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**
>
> **(18) Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

**(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**

**(22) Using any form of communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a governmental agency or official or by an attorney at law when it is not. . . .**

**(24) Conducting business under any name or in any manner which suggests or implies that a debt collector is bonded if such collector is or is a branch of or is affiliated with any governmental agency or court if such collector is not. . . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

101.    CSE violated these provisions by:

        a.       Sending plaintiffs' employers Exhibit E and I;

        b.       Calling itself "Child Support Enforcement."

102.    Hoffman authorized and directed the sending of documents in the form represented by Exhibit E and I and the use of the misleading name "Child Support Enforcement."

103.    Plaintiffs are entitled to bring suit for these violations.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

104.    CSE has used the form document represented by Exhibits E and I on numerous occasions.

## CLASS ALLEGATIONS

105.    This claim is brought on behalf of two classes, designated A and B.

106.    Class A consists of all putative Illinois obligors with respect to whom CSE has issued a purported "order / notice of withholding" such as Exhibits E and I.

107.    Class B includes all persons with respect to whom CSE has attempted to

18

collect, in any manner, money that became due under an Illinois judgment that was more than seven years old and has not been revived, or is more than 20 years old, if the attempt occurred on or after a date five years prior to the filing of this action.

108.    Each class is so numerous that joinder of all members is impracticable.

109.    There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual class members. These questions include:

      a.    Whether CSE violated the ICAA;

      b.    The appropriate relief.

110.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

111.    Plaintiffs will fairly and adequately represent the members of the class. Plaintiffs have retained counsel experienced in the prosecution of class actions and collection abuse claims.

112.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    CSE has inflicted similar injuries to a large number of persons through a single course of conduct;

      b.    Individual actions are not economical;

WHEREFORE, the Court should grant plaintiffs and the class members the following relief against defendant CSE:

      a.    Compensatory damages;

19

b.      Punitive damages;

c.      Costs of suit;

d.      An injunction restraining further efforts by CSE to collect

purported child support from plaintiffs; and

e.      Such other or further relief as the Court may deem appropriate

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Anne M. Burton
EDELMAN, COMBS & LATTURNER, LLC
120 South LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)


**<u>JURY DEMAND</u>**

Plaintiffs demand trial by jury.

_____
Daniel A. Edelman

# SEE CASE FILE FOR EXHIBITS

JS 44
(Rev 3/99)

*Cat #1*

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**DOCKETED**
**JAN 28 2002**

## I. (a) PLAINTIFFS
Walter Blair and John Gray

## DEFENDANTS
Supportkids, Inc., d/b/a Child Support Enforcement; and Richard "Casey" Hoffman

**(b)** County of Residence of First Listed Plaintiff  Lake
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edelman, Combs and Latturner, LLC
120 South LaSalle, 18th Floor
Chicago, IL 60603     (312) 739-4200

Attorneys (If Known)

**JUDGE CASTILLO**
**MAGISTRATE JUDGE ASHM**

02C 0632

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans(Excl. Veterans) | ☐345 Marine Product Liability | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐195 Contract Product | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 385 Property Damage Product Liability | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐210 Land Condemnation | ☐441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | | |
| ☐220 Foreclosure | ☐442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing / Accomodations / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☒ 890 Other Statutory Actions |
| ☐240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐290 All Other Real Property | ☐444 Welfare / ☐ 540 Mandamus & Other | | | |
| | ☐440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332 (diversity)

## VII. REQUESTED IN COMPLAINT
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See Instructions)

DATE  1/25/02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYIN_____ JUDGE_____ MAG._____

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

In the Matter of: Walter Blair and John Gray v. Supportkids, Inc., d/b/a Child Support Enforcement; and
Richard "Casey" Hoffman

Case Number: **02C 0632**

FILED JAN 2 8 2002

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:   PLAINTIFFS

Walter Blair and John Gray

JUDGE CASTILLO

MAGISTRATE JUDGE ASHMAN

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | Daniel A. Edelman | NAME | Anne M. Burton |
| FIRM | Edelman, Combs & Latturner, LLC | FIRM | Edelman, Combs & Latturner, LLC |
| STREET ADDRESS | 120 S. LaSalle Street, #1800 | STREET ADDRESS | 120 S. LaSalle Street, #1800 |
| CITY/STATE/ZIP | Chicago, Illinois 60603 | CITY/STATE/ZIP | Chicago, Illinois 60603 |
| TELEPHONE NUMBER | (312) 739-4200 | TELEPHONE NUMBER | (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | 06242620 |
| MEMBER OF TRIAL BAR? | YES  X   NO | MEMBER OF TRIAL BAR? | YES ☐   NO  X |
| TRIAL ATTORNEY? | YES  X   NO | TRIAL ATTORNEY? | YES ☐   NO  X |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐   NO  X |
| **(C)** | | **(D)** | |
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | | TELEPHONE NUMBER | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐   NO ☐ | MEMBER OF TRIAL BAR? | YES ☐   NO  X |
| TRIAL ATTORNEY? | YES ☐   NO ☐ | TRIAL ATTORNEY? | YES ☐   NO  X |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐   NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐   NO  X |