# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 632 | **DATE** | 7/24/2003 |
| **CASE TITLE** | Walter Blair and John Gray vs. Supportkids, Inc., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted in part and denied in part. Defendant's motion is granted with respect to Count IV, Count V and Count VI, and the motion is denied with respect to Count VII.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 2 5 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 62 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | 03 JUL 24 PM 3:14 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WALTER BLAIR and JOHN GRAY, )
)
Plaintiffs, )
)
v. ) No. 02 C 0632
)
SUPPORTKIDS, INC., d/b/a CHILD SUPPORT )
ENFORCEMENT; and RICHARD "CASEY" )
HOFFMAN, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Defendant Richard "Casey" Hoffman has moved for summary judgment on Plaintiffs' claims for tortious interference (Count IV), unauthorized practice of law (Count V), violation of the Illinois Collection Agency Act (Count VI), and violation of the Illinois Consumer Fraud Act ("ICFA") (Count VII). Hoffman contends essentially that he did not participate in or authorize the alleged misconduct that is the subject of Plaintiffs' claims. For the reasons discussed below, Defendant's motion for summary judgment is granted in part and denied in part.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. A mere scintilla of evidence in support of the non-movant's position is insufficient. *See Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). *See also Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057, 1061 (7th Cir. 2000).

The Court "considers the evidentiary record in the light most favorable to the non-moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The Court accepts the non-moving party's version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## BACKGROUND

Defendant Richard "Casey" Hoffman is Chairman of the Board of Directors and Chief Executive Officer ("CEO") of Child Support Enforcement ("CSE"), which assists custodial parents in the recovery of unpaid child support. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶¶ 11-

13.) Hoffman founded CSE in 1991 and was "involved in choosing" the company name. (*Id.*, ¶¶ 11, 20.)

As Chairman and CEO, Hoffman generally oversees the operations of CSE and helps formulate company policy. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶¶ 15-16.) Hoffman delegates the day-to-day running of the corporation to various officers, however, and he is not involved in the hiring, firing, and training of CSE employees. (*Id.*, ¶¶ 17-18.)[1] Moreover, Hoffman does not directly participate in the collection of overdue child support, nor does he personally contact dead-beat dads to collect past due child support payments. (*Id.*, ¶¶ 22-23.)

Plaintiffs Blair and Gray allege that CSE sent purported order/notices for income withholding to their respective employers, suggesting that Blair and Gray have outstanding child support obligations. (*See* R. 24-1, Am. Complaint, ¶¶ 12, 33.) Plaintiffs contend that they have satisfied their support obligations and that CSE is not entitled to collect money on behalf of their former spouses. (*Id.*, ¶¶ 41-51.)

Hoffman did not participate in the preparation of the particular order/notices sent to the Plaintiffs' employers. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶¶ 24-25.) Hoffman is generally aware of the forms of the order/notices for income withholding that CSE has used, but he did not play a role in CSE's selection or implementation of the order/notices. (*Id.*) Hoffman is not involved in ensuring that CSE's use of order/notices or other forms complies with state and federal laws, but as CEO he has the authority to end any unlawful use of such forms. (*Id.*)

---

[1] Plaintiffs contend that Hoffman has the power to hire or fire CSE employees, but they do not point to any evidence that he has been involved in any such decisions. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶ 18.)

3

## ANALYSIS

Plaintiffs contend that Hoffman is personally liable for sending the order/notices for income withholding in this case because he "participated" in CSE's alleged misconduct. Plaintiffs assert several different claims against him, but they concede that all of those claims hinge on whether Hoffman's "participation" in that conduct triggers liability.

Under Illinois law, the officers and directors of a corporation cannot be held personally liable for actions taken by the corporation unless they authorized or participated in the conduct giving rise to that liability. *See Itofka, Inc. v. Hellhake*, 8 F.3d 1202, 1204 (7th Cir. 1993); *see also Independence Tube Corp. v. Copperweld Corp.*, 74 F.R.D. 462, 467 (N.D. Ill. 1977) ("[I]t is the law in Illinois . . . that a corporate officer or director may be held jointly and severally liable . . . if he authorized or participated in the alleged wrongful act.").

In this case, Plaintiffs contend that Hoffman "participated" in CSE's conduct because he is generally aware that CSE uses order/notices for income withholding and because, as Chairman and CEO, he has the power to stop CSE from using such order/notices. Significantly, Plaintiffs offer no evidence that rebuts Hoffman's testimony that he is not personally involved in the drafting, review, approval, or sending of order/notices for income withholding. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶ 19, 24.) Although Hoffman admits that as Chairman and CEO he has the power to change or stop CSE's use of the order/notices for income withholding, Plaintiffs have not pointed to any evidence that he has ever exercised that power. (*Id.*) Indeed, Plaintiffs have not pointed to any evidence that would contradict Hoffman's assertion that he has delegated day-to-day control of the company to President Matt Landry and others. (*Id.*, ¶ 17.)

Thus, Plaintiffs have not pointed to any evidence that Hoffman's "participation" in CSE's use of the order/notices for income withholding was sufficient to justify personal liability. *See Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 42 F.Supp.2d 797, 804-05 (N.D. Ill. 1999) (holding that the owner could not be liable for firm's debt collection practices where he "did not write or review the collection form letter in controversy" and was not "directly or intimately involved in [its] day-to-day operations" because he "delegated his authority to his chief operating officer"); *see also Drennan v. Van Ru Credit Corp.*, 950 F.Supp. 858, 859-61 (N.D. Ill. 1996) (holding that plaintiff stated a claim against officer by alleging that he "direct[ed] the policies, practices and operations" and was "involved in the creation and modification of form letters, the most critical part of the debt collection operation.").

Plaintiffs also contend that Hoffman participated in CSE's alleged misconduct because he personally selected a name for the company, which they argue is deceptive. Here, Plaintiffs do point to evidence that Hoffman participated in the alleged misconduct -- namely, his admission that he was "involved in choosing" the name of the company. (*See* R. 51-1, Pls.' L.R. 56.1(b)(3) Resp., ¶ 20.) Hoffman tries to downplay this admission, suggesting that he was "only one of several persons" involved, but he does not deny his involvement. (*Id.*)

Hoffman also suggests that even if he personally selected the name CSE, that alone cannot be the basis for personal liability. Significantly, Plaintiffs contend that the *name* of the company is itself deceptive,[2] and thus, assuming that the company's name can be the basis of a

---

[2] The Court expresses no opinion on whether the CSE name is actually the proper basis for a consumer fraud claim. There may not be any evidence that the use of the name actually deceived someone, which is an essential element of a consumer fraud claim. *See Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 155, 776 N.E.2d 151, 164 (Ill. 2002) ("[In order] to properly plead the element of proximate causation in a private cause of action . . . under the [ICFA], a plaintiff must

5

consumer fraud claim, Hoffman's admitted personal involvement in the choice of the name is a sufficient basis for personal liability. *See Pettit*, 42 F.Supp.2d at 805 (suggesting that a company owner may be personally liable for the use of a deceptive name if he was "actively, intimately, or personally involved in the choice of the name").

In sum, because Plaintiffs have pointed to evidence that Hoffman was involved in the selection of the CSE name, he may be personally liable if the use of that name violated the ICFA. Plaintiffs have not presented evidence, however, that Hoffman participated in the alleged misconduct that forms the basis for Plaintiffs' other claims against him, and therefore, he cannot be liable for those claims.

## CONCLUSION

Defendant's motion for summary judgment is granted in part and denied in part. Defendant's motion is granted with respect to Count IV, Count V and Count VI, and the motion is denied with respect to Count VII.

Dated: July 24, 2003

ENTERED:

Judge Amy J. St. Eve
United States District Court

---

allege that he was, in some manner, deceived."). Hoffman has not raised this or any other merits-related argument in his summary judgment motion, however, instead relying solely on the argument that he did not personally participate in any alleged wrongdoing. As noted above though, that argument fails with respect to the use of the CSE name because he admits that he was involved in the choice of the name.

6